UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MANUEL COUGIL,                          :
                          Plaintiff,    :      11 Civ. 1318 (DLC)
                                        :
            -v-                         :      OPINION & ORDER
                                        :
MANHATTAN FORD LINCOLN-MERCURY, INC.,   :
UNITED AUTO WORKERS UNION LOCAL 259     :
and ARMAND LUGASSY,                     :
                          Defendants.   :
                                        :
----------------------------------------X

APPEARANCES:

For the plaintiff:
Frances Nicotra, Esq.
853 Summit Ave.
Jersey City, NJ 07307

For defendants Manhattan Ford Lincoln-Mercury, Inc. and Armand
Lugassy:
Adam C. Weiss, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, New York 11042

For defendant United Auto Workers Union Local 259:
Regina C. Hertzig
Cleary & Josem, LLP
One Liberty Place, 1650 Market Street
Philadelphia, PA 19103

DENISE COTE, District Judge:

        The plaintiff, Manuel Cougil ("Cougil"), brings this action

against Manhattan Ford Lincoln-Mercury, Inc. ("MFLM"), United

Auto Workers Union Local 259 (the "Union") and Armand Lugassy

1

("Lugassy"), asserting claims under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983 ("§ 1983"), and New York State Labor Law § 704 ("§ 704") against all defendants; a breach of contract claim against MFLM and Lugassy; and a breach of the duty of fair representation against the Union.  The defendants have moved to dismiss Cougil's complaint, and MFLM and Lugassy also bring a motion for sanctions pursuant to Federal Rule of Civil Procedure 11.

BACKGROUND

The following facts are drawn from the complaint filed on February 10, 2011 (the "Complaint") and are assumed to be true for the purposes of this motion.  Cougil was employed as an automobile technician by MFLM from 1988 through March 10, 2008, when he was fired.  While an employee, Cougil was given promotions and pay raises, reaching a position of "master technician."  Lugassy was Cougil's supervisor for several years prior to March 10, 2008.  As a member of the Union, Cougil was subject to the collective bargaining agreement ("CBA") between the Union and MFLM.

MFLM did not provide adequate training to prevent the "unlawful employment activity" of its employees.  On several

occasions in early 2008 -- February 7, February 12, and March 10
-- Cougil filed a grievance with the Union about MFLM and
Lugassy.  The defendants were all on notice that he was filing
these grievances.  On March 10, Cougil was fired from his job.
The proffered reason was poor workmanship, but this was a
pretext for retaliation for filing grievances with the Union.
The Union did not intercede to prevent Cougil's discharge, nor
did it file a grievance against MFLM's unlawful employment
practices.

PROCEDURAL BACKGROUND

    Cougil filed this action in New York State court on
February 10, 2011.  The defendants removed the action to federal
court on February 21.  The Union then filed a motion to dismiss
on March 9 and MFLM and Lugassy filed a motion to dismiss on
March 10.  This Court set a schedule for briefing these motions
on March 11, allowing Cougil to oppose the motions or amend his
complaint by March 31.  Cougil was informed that this would be
his last opportunity to amend his complaint.

    In a letter dated March 21, the defendants informed the
Court that on February 24, Cougil had filed an amended complaint
in the state court action.  The Court informed the parties that

the March 11 scheduling order remained in effect and that any
amended complaint had to be filed in federal court by March 31.

Cougil has filed neither an amended complaint nor an
opposition to either motion to dismiss.  On April 1, 2011, after
the deadline to amend the complaint or file an opposition brief
had passed, counsel for Cougil contacted this Court's chambers
to inform the Court that she expected Cougil would wish withdraw
his complaint.  By a letter dated April 21, Cougil indicated a
desire to withdraw the complaint.  This Court's chambers
informed Cougil's counsel that the letter did not conform to
Federal Rule of Civil Procedure 41.[1]  Cougil then attempted to
get the defendants' consent to remand the action to state court,
where he would file an amended complaint.  The amended complaint
would purport to drop the federal law claims as well as all
claims against the Union.  In a letter dated June 15, Cougil
informed the Court that the defendants had not consented to this
course of action.  MFLM and Lugassy then submitted a letter
dated June 16 requesting that the still-unopposed motion to
dismiss be granted, as any attempt to amend the complaint or
remand the case would be untimely, and because the amended

---

[1]    Under Rule 41(a), a plaintiff has the right to withdraw his
claims by filing a notice of dismissal at any time before his
opposing party files an answer or summary judgment motion, or by
filing a stipulation of dismissal signed by all parties to the
action that have appeared.

complaint suggested by Cougil still asserted federal causes of action.

DISCUSSION

On a motion to dismiss the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).  The court is "not bound to accept as true legal conclusions couched as factual allegations.  Only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 475-76 (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009)).  A complaint must do more than offer "naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (citation omitted).

I.   Section 1983 Claim

"To state a claim under Section 1983, a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights." Zherka v. Amicone, 634 F.3d 642, 644 (2d Cir. 2011) (citation omitted) (emphasis supplied).  "[A] private individual may be considered a state actor for purposes of a constitutional challenge if his/her conduct is fairly attributable to the

5

state." <u>Leeds v. Meltz</u>, 85 F.3d 51, 54 (2d Cir. 1996) (citation omitted).

Cougil asserts no plausible allegation that any of the defendants acted in any official capacity nor that their conduct might be attributable to the state.  Rather, he alleges only the conclusory allegation that the defendants were "acting under color of the laws, statutes, ordinances, rules and regulations of the State of New York," a legal conclusion devoid of factual support.  Therefore, his complaint does not assert a plausible § 1983 claim arising from alleged violations of the First, Fourth, Eighth and Fourteenth Amendments.  These claims are dismissed.

II.  Section 301 Preemption

In the Complaint, Cougil asserts that MFLM and Lugassy breached the collective bargaining agreement, and that the Union failed to file a grievance against MFLM for its retaliatory action.  He also alleges that the defendants violated § 704, which describes unfair labor practices that are unlawful for employers to practice.  The defendants argue that all these claims are preempted by federal law -- specifically, the Labor Management Relations Act Section 301, 29 U.S.C. § 185 ("§ 301").

"The Supreme Court has interpreted section 301 as a congressional mandate to the federal courts to fashion a body of

6

federal common law to be used to address disputes arising out of labor contracts." <u>Vera v. Saks & Co.</u>, 335 F.3d 109, 114 (2d Cir. 2003) (citation omitted).  § 301 provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  "[W]hen a state claim alleges a violation of a labor contract, the Supreme Court has held that such claim is preempted by section 301 and must instead be resolved by reference to federal law." <u>Vera</u>, 335 F.3d at 114.  These include hybrid claims, wherein a plaintiff alleges a breach of a collective bargaining agreement against an employer and a breach of the duty of fair dealing against a union.  <u>See</u> <u>DelCostello v. International Broth. of Teamsters</u>, 462 U.S. 151, 163-65 (1983). "The unusual pre-emptive power accorded section 301 extends to create federal jurisdiction even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim." <u>Vera</u>, 335 F.3d at 114 (citation omitted).

But, when "a state prescribes rules or establishes rights and obligations that are independent of a labor contract, actions to enforce such independent rules or rights would not be

preempted by section 301." Id. at 115.  Even if resolving a
dispute under a state law claim and the CBA "would require
addressing precisely the same set of facts, as long as the
state-law claim can be resolved without interpreting the
agreement itself, the claim is 'independent' of the agreement
for § 301 pre-emption purposes."  Lingle v. Norge Div. of Magic
Chef, Inc., 486 U.S. 399, 410 (1988).

    Cougil's claims that MFLM and Lugassy breached the CBA and
that the Union breached its duty of fair representation require
interpretation of the CBA, and are thus preempted as a hybrid
§ 301 claim.  But the defendants do not explain how resolution
of the § 704 claim necessarily requires interpretation of the
CBA.  It must be noted that they have been hindered in doing so
by the vaguely worded § 704 claim and the plaintiff's failure to
respond to the motion to dismiss.  Nonetheless, Cougil's § 704
claim may allege a violation of an obligation placed on
employers like MFLM that is legally independent of the CBA, and
to the extent it does so, it is not preempted by § 301.

III. Section 301 Claim

    § 301 claims have a six-month statute of limitations
period.  See DelCostello, 462 U.S. at 169-171 (1983) (adopting
limitations period provided by Section 10(b) of the National
Labor Relations Act, 29 U.S.C. § 160(b)).  With respect to a

plaintiff's claim against a union, this period begins when a plaintiff "knew or reasonably should have known that a breach of the duty of fair representation had occurred." Kavowras v. New York Times Co., 328 F.3d 50, 55 (2d Cir. 2003) (citation omitted).

The Complaint alleges that Cougil was fired from March 10, 2008, and that the Union did nothing to protect his employment beginning on that day.  There are no allegations of any events occurring after that date, and the Complaint was filed nearly three years later, on February 10, 2011.  The § 301 claim is barred as untimely and must be dismissed.

IV.  Section 704 Claim

As there are no longer any federal claims in this action, it is within the Court's discretion whether to exercise supplemental jurisdiction over the plaintiff's state law § 704 claim.  Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 262–63 (2d Cir. 2006).  "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." Id. at 262.  Accordingly, the Court declines to exercise supplemental jurisdiction over this claim.

V.    Sanctions

Defendants MFLM and Lugassy moved for sanctions pursuant to Federal Rule of Civil Procedure 11(c) because the plaintiff's attorney was aware that violations of the First Amendment could be asserted only against government actors, not private entities or persons.  Any Rule 11 motion must be brought as a separate motion and filed only after the party against whom sanctions are sought has been given 21 days to withdraw or correct a pleading the movant alleges violates Rule 11(b).  Lawrence v. Richman Group of CT LLC, 620 F.3d 153, 156 (2d Cir. 2010).  Because the defendants have failed to comply with the procedural requirements of Rule 11, it is unnecessary to address the merits of their motion for sanctions.

CONCLUSION

The defendants' March 9 and 10, 2011 motions to dismiss the complaint are granted without prejudice to the refilling of the § 704 claim in state court.  MFLM and Lugassy's motion for sanctions is denied.  The Clerk of Court shall close the case.

SO ORDERED:

Dated:    New York, New York
          July 7, 2011

                              _____
                                   DENISE COTE
                         United States District Judge